Contracts; partial summary judgment; when appropriate. — On March 7, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This action is before the court, without oral argument, on plaintiffs motion for partial summary judgment. The motion is directed to count III of plaintiffs petition. Count III is a claim for money allegedly owed to plaintiff pursuant to a modification of a contract between plaintiff and *638 defendant. In its answer to the petition, defendant admits that the modification entitles plaintiff to receive $7,710.12 more than the amount which defendant originally calculated to be owed to plaintiff pursuant to the modification. Although plaintiff alleges that the amount owed to it is greater than the $7,710.12 admitted by defendant as being owed to plaintiff, plaintiff asks us to render judgment in its favor for the admitted amount and to permit it to proceed to trial for the difference between what it believes it is owed under count III and the admitted amount.
For three reasons, we do not think count III is ripe for summary judgment in any amount. First, earlier in the proceedings of this case, defendant moved to dismiss the petition, including count III, on the ground that plaintiff had failed to exhaust its administrative remedies. We denied the motion without prejudice because we thought there were factual disputes which needed resolution. These disputes are still in need of resolution. Thus, the issue whether plaintiff failed to exhaust its administrative remedies is still present in the case.
Second, we believe it would be inappropriate in the circumstances of this case to permit plaintiff to prosecute count III in piecemeal fashion. Defendant’s liability under count III appears to hinge, at least in part, upon a resolution of the claims set forth in other counts of the petition. Because the claims are interwoven, we believe it would be unwise to unravel a part of one for determination at this time.
Third, the portion of the issues plaintiff would have us adjudicate by partial summary judgment appears to come within our Rule 101(e) which does not contemplate an enforceable partial judgment.
it is therefore ordered that plaintiffs motion for partial summary judgment is denied, and the case is remanded to the trial division for further proceedings consistent with this order.